# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Brock Langston Caldwell, | ) | |
| | ) | No. 2:07-CR-01380 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER AND OPINION** |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Brock Langston Caldwell's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss or, in the alternative, a motion for summary judgment. Petitioner filed a reply brief, requesting that the court deny the government's motion for summary judgment and grant petitioner's request for relief pursuant to 28 U.S.C. § 2255. Petitioner also filed a motion for an evidentiary hearing. For the reasons set forth below, the court grants the government's motion for summary judgment, denies petitioner's motion for an evidentiary hearing, and denies a certificate of appealability.

## I. BACKGROUND

On August 5, 2007, petitioner was arrested by the Mount Pleasant Police Department for unlawfully possessing a handgun. On November 14, 2007, a one-count indictment was filed against petitioner charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 7, 2008, petitioner, accompanied by his attorney, pled guilty to the aforementioned indictment. There was no

plea agreement. On November 5, 2008, petitioner was sentenced to a sixty-month term of incarceration, and a judgment was entered on November 10, 2008. Petitioner filed the instant motion on September 30, 2009.

Petitioner has several past charges in his criminal record. Petitioner's motion concerns two charges in particular. Petitioner was charged with committing the offense of carrying a concealed weapon on April 12, 2000. Petitioner was also charged with committing the offense of accessory after the fact, related to an armed robbery, on August 24, 2000. It is undisputed that he was seventeen years old at the time of both offenses. He pled guilty to both in Charleston County General Sessions Court on August 27, 2001, and was sentenced to a five-year term of probation. Thereafter, on July 31, 2003, his probation was revoked, and he was sentenced to one year in prison. He was released from incarceration on March 1, 2004.

## II. STANDARD OF REVIEW

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the record in this case and has determined that a hearing is not necessary.

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The non-movant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

### III. DISCUSSION

Petitioner seeks relief pursuant to 28 U.S.C. § 2255 alleging that his counsel was ineffective in two regards. First, petitioner claims that his counsel failed to object to two prior "juvenile" convictions that resulted in four criminal history points and, therefore, subjected him to a higher sentencing guideline range. Second, petitioner claims that his counsel was ineffective for allowing him to plead guilty without a plea agreement, thereby leaving petitioner "at the mercy of the Court as well as the U.S. Attorney's office." Petitioner's Motion at 7.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for deciding ineffective assistance of counsel claims. Glover v. Miro, 262 F.3d 268 (4th Cir. 2001). First, a defendant "must show that counsel's performance was deficient." Glover, 262 F.3d at 274-75 (citing Strickland, 466 U.S. at 687-88). To prove deficiency, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." Id. Second, a defendant must show that the deficient performance resulted in actual prejudice to the defendant. Id. A showing of prejudice requires a defendant to prove that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

Petitioner first alleges that his counsel failed to object to two prior "juvenile" convictions that resulted in four criminal history points and, therefore, subjected him to a higher sentencing guideline range. However, it is undisputed that petitioner pled guilty to these two charges in Charleston County General Sessions Court. As a general rule, the General Sessions Court has no jurisdiction over juvenile matters. In South Carolina, family courts have exclusive original jurisdiction over "any child living or found within the geographical limits of its jurisdiction who is alleged to have violated or attempted to violate any state or local law or municipal ordinance, regardless of where the violation occurred." S.C. Code Ann. § 63-3-510(A)(1)(d). Furthermore, family courts have exclusive original jurisdiction "concerning any child seventeen years of age or over, living or found within the geographical limits of the court's jurisdiction, alleged to have violated or attempted to violate any State or local law or municipal ordinance *prior to having become seventeen years of age* and such person shall be dealt with under the

4

provisions of this title relating to children." S.C. Code Ann. § 63-3-510(A)(3) (emphasis added).

Accordingly, the two convictions in question were not juvenile convictions. The federal offense occurred on August 5, 2007, approximately three and a half years after his release from confinement as a result of his state convictions. Because petitioner was released from confinement from these two adult convictions within five years of his committing his federal offense, the probation officer correctly added two points to his criminal history for each of those convictions. U.S.S.G. § 4A1.2(d)(2). There was no legal error in the addition of four points to petitioner's criminal history; therefore, his counsel was not ineffective for failing to object to their inclusion. If he had objected, the court would have overruled his objection for the reasons cited above.

Petitioner further alleges that his counsel was ineffective for allowing him to plead guilty without a plea agreement, thereby leaving petitioner "at the mercy of the Court as well as the U.S. Attorney's office." The Fourth Circuit is abundantly clear that a defendant has no constitutional right to a plea bargain. See Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1298 n.19 (4th Cir. 1992) (citing Weatherford v. Bursey, 429 U.S. 545, 561 (1977)). As the government stated in its brief, "It is not unusual for a defendant to plead guilty to a charge in an indictment without a plea agreement when neither the defendant nor the government is seeking any specified, enumerated benefit that would best be memorialized in a written plea agreement." Nothing in the record or in petitioner's motion suggests that he offered to cooperate with the government by providing information regarding other criminal activity in exchange for the possibility of

getting a motion for downward departure.  Accordingly, petitioner's counsel was not ineffective for allowing petitioner to plead guilty without a plea agreement, as he had no constitutional right to a plea bargain.  Weatherford, 429 U.S. at 561.

Petitioner has failed to show that his counsel's representation fell below an objective standard of reasonableness.  As a result, petitioner has not met the first prong of the two-part test set forth by the Supreme Court in Strickland for deciding ineffective assistance for counsel claims.  See Strickland, 466 U.S. at 687-88.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  Here, petitioner does not meet this standard because there is nothing debatable about the court's resolution of his section 2255 petition.  Accordingly, the court will deny a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion for an evidentiary hearing is **DENIED**, the government's motion for summary judgment is **GRANTED**, and a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**April 16, 2010
Charleston, South Carolina**